**08 CV 6894**

**United States District Court
Southern District of New York**
------------------------------------------------X
Michael Schore, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

Broadway Photo, LLC,

    Defendant
------------------------------------------------X

Class Action Complaint
Jury Trial Demanded



RECEIVED
AUG 0 1 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## Nature of Action

1. This class action arises out of Defendants' fraudulent nationwide scheme to sell "gray market" goods, i.e., goods which are expressly prohibited to be sold in the United States by the manufacturer, to unsuspecting consumers in the United States. Thereby, consumers are deprived of product support and/or warranty service which they would otherwise be entitled to obtain from the manufacturer. Mr. Schore asserts individual and class claims for deceptive business practices, N.Y. Gen. Bus. L, Section 349, and the common law, and seeks classwide compensatory, statutory, punitive and/or exemplary damages together with equitable and injunctive relief as well as attorneys' fees and expenses.

## Parties

2. Plaintiff Michael Schore is a resident of Apex, North Carolina.

3. Defendant Broadway Photo LLC is a Domestic Limited Liability company incorporated under New York law.

## Jurisdiction

4. Subject-matter jurisdiction exists pursuant to Diversity, 28 U.S.C. §1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"). The amount-in-controversy is at least $5,000,000 in aggregate

damages on behalf of the Class, exclusive of interest and costs. Mr. Schore is a citizen of North Carolina. Upon information and belief, Class members number in tens of thousands, and are residents of various states throughout the country. Defendant Broadway Photo is a citizen of New York. Jurisdiction is proper under 28 U.S.C. §1332(d).

## Class Action Allegations

5. Mr. Schore brings this action pursuant to Rule 23, Fed. R. Civ. P., on behalf of a class of himself and all other persons in the United States who purchased any item from Defendant in the "grey market," i.e., item which had been prohibited by the manufacturer from sale in the United States. The class excludes Defendant, or any parent, subsidiary, affiliate, accountant, agent, attorney, employee, officer, representative, servant, and/or any person acting on behalf of Defendant.

6. Defendant does business throughout the United States. Thus, it is clear that tens of thousands of persons have purchased these items, and continue to do so today. Clearly, the Class is so numerous that joinder of all of the members is impracticable.

7. Mr. Schore's claims are typical of the claims asserted on behalf of the Class.

8. Mr. Schore does not have any interests that are adverse or antagonistic to those of the Class.

9. Mr. Schore will fairly and adequately protect the interests of the members of the Class. Mr. Schore is committed to the vigorous prosecution of this action and have retained counsel competent and experienced in this type of litigation.

10. Upon information and belief, consumers' purchases involve items that sell for under $10,000. Thus, individual compensatory damages of most Class members are likely to be relatively small and hence, the burden and expense of prosecuting litigation of this nature makes it unlikely that members of the Class would prosecute individual actions. And if they did, such individual prosecution would be impracticable as well as inefficient.

11. Mr. Schore is not aware of any pending litigation concerning the claims herein.

12. This Court is the most appropriate forum for adjudicating the claims at issue, which arise under New York statutes and common law. Defendant is a New York corporation based in New York City.

13. Mr. Schore does not anticipate any difficulty in the management of this action as a Class action.

14. There are many questions of law and fact common to the Class which predominate over any questions which may affect individual members. The predominant common questions of law and fact include, among others:

    a. Whether Defendant is liable for violation of N.Y. GBL Section 349?

    b. Whether Defendant is liable for Breach of Contract?

    c. Whether Defendant is liable for Unjust Enrichment?

    d. Whether Defendant is liable for Money Had and Received?

    e. Whether Mr. Schore and the Class are entitled to equitable and injunctive relief against Defendant;

    f. Whether Mr. Schore and the Class are entitled to compensatory damages, and if so the measure of such damages; and

    g. Whether Mr. Schore and the Class are entitled to punitive damages, and if so, the measure of such damages.

15. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

**Factual Allegations**

Background

16. "Gray market" goods are goods which are sold outside of the manufacturer's authorized trading channels. The gray market seller may have no relationship with the manufacturer of the goods. Thus, the gray market is a form of parallel import, and occurs when the price of an item is significantly higher in one country than another.

17. Gray market commonly develops with globally traded items, especially with electronic equipment such as cameras. Entrepreneurs buy the product where it is available cheaply, and import it to the target market. They then sell it at a price high enough to provide a profit but under the normal market price for that item in that country/market.

18. Typically, manufacturers refuse to honor the warranty on an item purchased from the gray market.

19. Thus, while trading in the gray market would appear to be violative of the manufacturer's intellectual property and other rights, the trading is also harmful from the consumer's perspective. Consumers cannot obtain the warranty and/or product support that would normally be available to a legally sold product.

20. Defendant Broadway Photo is a major retailer of electronic items, especially high-end items such as digital cameras, videos, 35 mm cameras, printers, electronics, televisions, video projectors, binoculars, scanners, and accessories. Through its website, broadwayphoto.com, it advertises thousands of products for sale to consumers. In its home page in that website, it boldly declares in an eye-catching box with an enticing logo proclaiming "Shop with confidence":

> All products we carry are factory fresh and come complete with all manufacturer supplied accessories and carry a 1 year labor, 90 day parts warranty.

21. Nowhere does Defendant disclose that the product is a grey market product, for which the manufacturer provides neither product support nor warranty service.

22. Consumers are thereby routinely misled into purchasing products believing that they are buying legal products within the regular, authorized trading channels. Consumers remain unaware that they may not obtain product support or warranty service.

Mr. Schore's Transactions

23. On or about December 13, 2007, Mr. Schore purchased a Nikon D300 Digital Camera Body Kit for $1,894 from Defendant.

24. Mr. Schore was not aware, and Defendant never informed him, that the Nikon was a gray market product which was not intended or authorized for sale in the United States.

25. On or about February 13, 2008, Mr. Schore attempted to register his camera with the manufacturer Nikon. He was unable to do so because, as he discovered for the first time then, the camera was a gray market product. The camera was meant for sale only in Japan, not in the United States.

26. Thereupon, Mr. Schore contacted Defendant to return the product and obtain a full refund. However, Defendant refused to refund Mr. Schore's purchase price and/or accept return of the unauthorized product.

27. As a result, Mr. Schore has suffered damages.

## COUNT I

(Section 349, Gen. Bus. L)

28. Mr. Schore repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

29. This claim is brought individually on behalf of Mr. Schore as well as on behalf of the Class.

30. Defendant misled consumers into buying gray market products without informing the material facts to consumers. Thereby, Defendants committed an unfair, deceptive practice violative of Section 349, G.B.L.

31. Defendant's conduct was consumer-oriented, and affected the public at large.

32. Accordingly, Mr. Schore requests that the Court award judgment and relief against Defendant as sought herein including without limitation, compensatory and punitive damages, attorneys' fees and expense, and all such legal and equitable remedies to which Mr. Schore and the Class are entitled under Section 349.

## COUNT II

(Breach of Contract)

33. Mr. Schore repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

34. By selling gray market products instead of legally authorized products, Defendant breached the implied covenant of good faith and fair dealing underlying the consumer transactions at issu. Due to such breach, Mr. Schore and Class members were and continue to be denied the benefit of warranty service and product support from the manufacturers.

35. Moreover, Defendant refused to refund the purchase price - even with a full return of the product - when Mr. Schore demanded such refund. Defendant's refusal evidences that its wanton conduct was systematic, in reckless disregard of its statutory and other duties, tantamount to criminal indifference to civil obligations, and unconscionable. Defendant is thus liable for punitive damages under New York law.

36. Accordingly, Mr. Schore requests that the Court award judgment and relief against Defendants as sought herein including without limitation, compensatory and punitive damages, attorneys' fees and expense, and all such legal and equitable remedies to which Mr. Schore and the Class are entitled for breach of contract.

## COUNT III

(Money Had and Received)

37. Mr. Schore incorporates the contents of the preceding paragraphs as if the same were fully set forth herein.

38. By the aforesaid unlawful acts, Defendant unlawfully billed and collected money that it was not entitled to. It received money belonging to Mr. Schor and Class members. Defendant benefitted from the receipt of money, and under principles of equity and good conscience, it should not be permitted to keep the money.

39. Defendant must not be permitted to take advantage of its own wrong and retain, collect, or continue collecting such money.

40. Defendant is liable to pay Mr. Schore and other Class members compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate.

### COUNT IV

### (Unjust Enrichment)

41. Mr. Schore incorporates the contents of the preceding paragraphs as if the same were fully set forth herein.

42. By collecting money towards the sale of ostensibly legal products, but which were in fact illegal and unauthorized, Defendant profited at the expense of Mr. Schore and other Class members. Equity and good conscience require that Defendant be ordered to repay these sums to Mr. Schore and other Class members towards restitution.

43. Defendant must not be permitted to take advantage of its own wrong and retain, collect, or continue collecting these illegal charges hereon.

44. Moreover, Defendant is liable to pay Mr. Schore and other Class members compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate.

### JURY TRIAL DEMAND

45. Mr. Schore and the Class demand a jury trial on all issues so triable.

WHEREFORE, Mr. Schore and class members demand judgment against Defendant

    a. Determining that the instant action be maintained as a Class action, on behalf of the Classes as defined above;

    b. Issuing a permanent injunction and order requiring Defendants to cease and desist from selling gray market goods which are not authorized to be

sold in the United States by the manufacturer;

c. Issuing a permanent injunction and order requiring Defendants to cease and desist from committing unfair and/or deceptive trade practices in violation of Section 349, G.B.L.;

d. Awarding compensatory, and/or punitive damages to Mr. Schore and Class members in such amount, not less than $10 million, as may be determined after discovery and trial;

e. Awarding Mr. Schore and Class members the costs of this action, including reasonable attorneys' fees and expenses, experts' fees and other disbursements; and

f. for such further and other relief as may be just and proper.

Dated:   New York, New York
         July 31, 2008

**Chittur & Associates, P.C.**

_/s/ Krishnan Chittur_

By: Krishnan Chittur, Esq. (KC9258)
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Email: kchittur@chittur.com

Of Counsel:
Thomas C. Willcox, Esq.
1020 19th Street N.W.
Suite 400
Washington, DC 20036